IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAVELLE AVERY, o.b.o S.R., | ) | |
| | ) | CASE NO. 1:14-cv-00694 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Shavelle Avery ("Avery"), on behalf of her minor grandson, S.R. challenges the final decision of the Acting Commissioner of Social Security ("Commissioner"), denying S.R.'s claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

## I.  Procedural History

On February 1, 2011, an application was filed on behalf of S.R., a school-age child, with an alleged disability onset date of January 1, 2007.  (Tr. 70.)  The application was denied both initially and upon reconsideration.  *Id*.  Avery timely requested an administrative hearing.  *Id*.

On May 14, 2012, an Administrative Law Judge ("ALJ") held a hearing during which S.R., represented by counsel, and Avery testified.  (Tr. 70.)  On August 31, 2012, the ALJ found S.R. did not have an impairment or combination of impairments that met or functionally equaled the listings, and, therefore, was not disabled.  (Tr. 73.)  The ALJ's decision became final when the Appeals Council denied further review.

## II.  Standard for Disability

To qualify for SSI benefits, an individual must demonstrate a disability as defined under the Act.  "An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C).

To determine whether a child is disabled, the regulations prescribe a three-step sequential evaluation process.  20 C.F.R. § 416.924(a).  At step one, a child must not be engaged in "substantial gainful activity."  20 C.F.R. § 416.924(b).  At step two, a child must suffer from a "severe impairment."  20 C.F.R. § 416.924(c).  At step three, disability will be found if a child has an impairment, or combination of impairments, that meets, medically equals or functionally equals an impairment listed in 20 C.F.R. § 404, Subpt. P, App'x 1; 20 C.F.R. § 416.924(d).

To determine whether a child's impairment functionally equals the listings, the Commissioner will assess the functional limitations caused by the impairment.  20 C.F.R. § 416.926a(a).  The Commissioner will consider how a child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating

2

with others; (4) moving about and manipulating objects; (5) caring for [ ]self; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  If a child's impairment results in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings and the child will be found disabled.  20 C.F.R. § 416.926a(d).  To receive SSI benefits, a child recipient must also meet certain income and resource limitations.  20 C.F.R. §§ 416.1100, 416.1201.

A "marked" limitation is one which seriously interferes with functioning.  20 C.F.R. § 416.926a(e)(2)(i).  "Marked" limitation means "more than moderate" but "less than extreme."  20 C.F.R. § 416.926a(e)(2)(i).  "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean."  *Id.*

An "extreme" limitation is one that "interferes very seriously with [a child's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).  An "extreme" limitation means "more than marked."  20 C.F.R. § 416.926a(e)(3)(i).  "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean."  *Id.*

If an impairment is found to meet, or qualify as the medical or functional equivalent of a listed disability and the twelve-month durational requirement is satisfied, the claimant will be deemed disabled.  20 C.F.R. § 416.924(d)(1).

### III.  Summary of Commissioner's Decision

The ALJ made the following findings in the decision:

1.  [S.R.] was born [in] ... 2003.  Therefore, he was a school-age child on February 1, 2011, the date the claimant filed the application, and is

3

currently a school-age child (20 C.F.R. § 416.926a(g)(2)).

2.   [S.R.] has not engaged in substantial gainful activity since February 1,
     2011, the application date (20 C.F.R. § 416.924(b) and § 416.971 *et seq.*).

3.   [S.R.] has the following severe impairments: asthma, attention deficit
     hyperactivity disorder (ADHD), specific learning disability in reading and
     math, and speech/language delay.  (20 C.F.R. § 416.924(c)).

4.   [S.R.] does not have an impairment or combination of impairments that
     meets or medically equals the severity of one of the listed impairments in
     20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.924, § 416.925
     and § 416.926).

5.   [S.R.] does not have an impairment or combination of impairments that
     functionally equals the severity of the Listings (20 C.F.R. § 416.924(d) and
     § 416.926a).

6.   [S.R.] has not been disabled, as defined in the Social Security Act, since
     February 1, 2011, the date the application was filed (20 C.F.R. §
     416.924(a)).

(Tr. 73-81.)

## IV.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v.*

4

*Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996);

*accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## V.  Analysis

### *Marked Impairments*

The ALJ found that S.R. had a marked limitation in acquiring and using information.  (Tr. 75.)  In addition, he had less than marked impairments in two of the other six domains: attending and completing tasks; and, health and physical well-being.  (Tr. 76, 80.)  In the remaining three domains, the ALJ found that S.R. had no limitations.  (Tr. 77-79.)

In her first assignment of error, Avery argues that the ALJ erred by finding that S.R. had less than marked impairments in the domain of attending and completing tasks.  (ECF No. 16 at 9-13.)  As such, this Court's analysis will address only this domain.  Avery maintains that the ALJ did not adequately explain her reasoning for finding less than marked limitations in this domain.  *Id*. at 9.  Avery asserts that the ALJ merely cites some relevant evidence related to the domain, which undermines rather than supports the determination of less than marked limitations.  *Id*.  In addition, Avery contends that "a wealth of other evidence" supports a finding that S.R. had marked limitations in the domain of attending and completing tasks.  *Id*. at 12.

To functionally equal the listings, an impairment(s) must be of listing-level severity; i.e. it must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  *See* 20 C.F.R. §416.926a(a); Social Security Ruling ("SSR") 09-1p (March 19,

2009).  In determining whether a child has a "marked" or "extreme" limitation, the Agency will:

> . . . consider your functional limitations resulting from all of your impairments,
> including their interactive and cumulative effects.  We will consider all the
> relevant information in your case record that helps us determine your functioning,
> including your signs, symptoms, and laboratory findings, the descriptions we have
> about your functioning from your parents, teachers, and other people who know
> you, and the relevant factors explained in §§ 416.924a, 416.924b, and 416.929.

20 C.F.R. § 926a(e).  The factors set forth in §§ 416.924a, 416.924b, and 416.929 include, but

are not limited to the following: how well a child can initiate and sustain activities; how much

extra help a child needs; the effects of structured or support settings; how a child functions in

school; and, the effects of medications or other treatment.  *See* 20 C.F.R. § 416.926a(a).  In

determining whether a child functionally equals a listing, ALJs need not discuss all of the

considerations set forth in 20 C.F.R. § 926a and SSR 09-1p; however, they must "provide

sufficient detail so that any subsequent reviewers can understand how they made their findings."

SSR 09-1p.[1]

The ALJ expressly stated that she considered all the evidence of record, including

objective medical evidence, other evidence from medical sources, and information from "other

sources" such as family and school teachers.  (Tr. 73-74.)  An ALJ, however, is not required to

discuss each and every item of evidence in the record.  *See e.g. Thacker v. Comm'r of Soc. Sec.*,

---

[1]  In assessing functional equivalence, the Agency employs a "whole child" approach.  Under
this approach, "[w]e focus first on the child's activities, and evaluate how appropriately,
effectively, and independently the child functions compared to children of the same age who do
not have impairments. 20 CFR 416.926a(b) and (c).  We consider what activities the child
cannot do, has difficulty doing, needs help doing, or is restricted from doing because of the
impairments.  20 CFR 416.926a(a).  Activities are everything a child does at home, at school,
and in the community, 24 hours a day, 7 days a week."  SSR 09-2p.  The Agency next
evaluates the effects of a child's impairments by rating the degree to which the impairment(s)
limits functioning in the six domains.  SSR 09-2p.

7

99 Fed. Appx. 661, 665 (6th Cir. 2004).  In assessing whether a child has marked or extreme

functional limitations in one of the six domains, an ALJ must "provide sufficient detail so that

any subsequent reviewers can understand how they made their findings."  SSR 09-1p.  The

decision contains the following discussion of the contested finding:

> I find that [S.R.] has a less than marked limitation in this domain.  [S.R.] has
> been  diagnosed with ADHD (Exs. 4F, S F and 7F).  Records from the Wickliffe
> Schools note that  [S.R.] has problems sustaining attention and is easily distracted
> (Ex. 9E).  His second grade teacher indicated in the questionnaire she completed
> on November 1, 2011 that [S.R.] has difficulty reading so frustration can lead him
> to be off task.  She stated that he is able to complete work with help (Ex. 9E, p.
> 7).  At the consultative psychological exam performed by Jeff Rindsberg, Psy.D.
> on May 23, 2011, he noted that [S.R.] had a short attention span.  He had
> difficulty focusing.  He had difficulty sitting still (Ex. 4F, pp. 4-5).  [S.R.] is noted
> as doing better since he has been on medication (Exs. 4F and 7F).

(Tr. 76.)

    The ALJ's opinion, while admittedly brief and somewhat short on explanation, is

sufficiently detailed.  The Court disagrees with Avery's assertion that the ALJ's recitation of the

relevant evidence undermines rather than supports her finding in this domain.  The ALJ's

discussion explains why she found S.R. had some limitations, rather than none, in this domain.

Nothing in the ALJ's discussion, however, suggests that the severity of S.R.'s limitations rose to

the level of marked.  The ALJ clearly relied heavily on S.R.'s education records.  The ALJ

expressly references passages from Exhibit 9E, which is a teacher questionnaire completed by

Susan DeJohn, an intervention specialist, and Nancy Szydlowski, S.R.'s second grade teacher,

on November 1, 2011.  (Tr. 282-89.)  The questionnaire contains an entire section addressing the

domain of attending and completing tasks, and asks the school officials to rate S.R.'s functioning

in thirteen subcategories of the domain.[2]  (Tr. 284.)  Ms. DeJohn and Ms. Szydlowski opined that S.R. did *not* have a "serious" or "very serious problem" in any of the thirteen categories.  *Id*. They further reported that S.R. had an "obvious" problem in only two of the thirteen categories, while having either no problem or only a slight problem in the remaining eleven categories.[3]  *Id*. As such, the ALJ's finding that S.R. had less than marked limitations in the domain of attending and completing tasks is supported by substantial evidence of record.

     Finally, the mere fact that Avery believes the evidence could have been interpreted differently or that other evidence might have supported a different outcome is of no avail.  As outlined in the standard of review section of this Opinion:

> This court must affirm the Commissioner's conclusions unless the Commissioner
> failed to apply the correct legal standard or made findings of fact that are
> unsupported by substantial evidence.  *Branham v. Gardner*, 383 F.2d 614, 626-27
> (6th Cir. 1967).  "The findings of the [Commissioner] as to any fact if supported
> by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g).
> "Substantial evidence is more than a scintilla of evidence but less than a
> preponderance and is such relevant evidence as a reasonable mind might accept as
> adequate to support a conclusion."  *Besaw v. Secretary of HHS*, 966 F.2d 1028,
> 1030 (6th Cir. 1992).  "The findings of the Commissioner are not subject to
> reversal merely because there exists in the record substantial evidence to support
> a different conclusion. . . . This is so because there is a 'zone of choice' within
> which the Commissioner can act, without the fear of court interference."  *Buxton
> v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

---

[2]  The questionnaire asks that a student's limitations be assessed on a scale of one through five. (Tr. 284.)  One represents "no problem," two represents a "slight problem," three represents an "obvious problem," four represents a "serious problem," and five represents a "very serious problem."  *Id*.

[3]  These findings represent an improvement from a questionnaire completed eight months earlier, on March 18, 2011, by Ms. DeJohn and a different classroom teacher.  Therein, it was opined that S.R. had a serious problem in three categories, an obvious problem in three other categories, and no problem or only a slight problem in the remaining seven categories.  (Tr 258.)  Notably, the questionnaires are consistent in finding that S.R. had a "slight problem" in "completing class/homework assignments."  (Tr. 258, 284.)

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). "In other words, the evidence must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec. of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (internal quotation marks omitted); *accord Payne v. Comm'r of Soc. Sec.*, 402 Fed. Appx. 109 (6th Cir. 2010).

Because the Commissioner has a zone of choice, legal error is not established by pointing to evidence that could have resulted in a different outcome or ascribing a different interpretation to the evidence relied upon by the ALJ. While this Court reviews the entire administrative record, it "does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 2011 WL 1228165 at * 2 (6th Cir. 2011) (*citing Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). *See also Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801, 2008 WL 162942 at * 6 (6th Cir. 2008) (stating that "it squarely is not the duty of the district court, nor this court, to re-weigh the evidence, resolve material conflicts in testimony, or assess credibility.")

The ALJ's finding in the one disputed domain was supported by substantial evidence of record and was sufficiently explained. As such, Avery's first assignment of error is without merit.

***Treating Physician***

Avery also asserts that the ALJ erred in her consideration of the opinion of Angelique Redus-McCoy, M.D., S.R.'s treating physician. (ECF No. 16 at 14-15.) Avery does not specify which opinion of Dr. Redus-McCoy was improperly considered, but notes that Exhibit 10F was missing

10

from the transcript. *Id*. at 15. The Commissioner concedes that Exhibit 10F was inadvertently omitted from the transcript, and filed said exhibit in a supplemental filing on October 28, 2014. (ECF No. 19.)

Under Social Security regulations, the opinion of a treating physician is entitled to controlling weight if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Meece v. Barnhart*, 2006 WL 2271336 at * 4 (6th Cir. Aug. 8, 2006); 20 C.F.R. § 404.1527(c)(2). "[A] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009) (*quoting* Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9 at *9); *Meece*, 2006 WL 2271336 at * 4 (Even if not entitled to controlling weight, the opinion of a treating physician is generally entitled to more weight than other medical opinions.) Indeed, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Blakley*, 581 F.3d at 408.[4]

If the ALJ determines a treating source opinion is not entitled to controlling weight, "the ALJ must provide 'good reasons' for discounting [the opinion], reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating

---

[4] Pursuant to 20 C.F.R. § 416.927(c)(2), when not assigning controlling weight to a treating physician's opinion, the Commissioner should consider the length of the relationship and frequency of examination, the nature and extent of the treatment relationship, how well-supported the opinion is by medical signs and laboratory findings, its consistency with the record as a whole, the treating source's specialization, the source's familiarity with the Social Security program and understanding of its evidentiary requirements, and the extent to which the source is familiar with other information in the case record relevant to the decision.

source's medical opinion and the reasons for that weight.'" *Rogers*, 486 F.3d at 242 (quoting Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9 at *5).  The purpose of this requirement is two-fold. First, a sufficiently clear explanation "'let[s] claimants understand the disposition of their cases,' particularly where a claimant knows that his physician has deemed him disabled and therefore 'might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Id*. (quoting *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544 (6th Cir. 2004)).  Second, the explanation "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544.  Because of the significance of this requirement, the Sixth Circuit has held that the failure to articulate "good reasons" for discounting a treating physician's opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.

Nevertheless, the opinion of a treating physician must be based on sufficient medical data, and upon detailed clinical and diagnostic test evidence.  *See Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *Blakley*, 581 F.3d at 406.  The ALJ is not bound by conclusory statements of a treating physician that a claimant is disabled, but may reject such determinations when good reasons are identified for not accepting them.  *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986); *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).  According to 20 C.F.R. § 416.927(d)(1) & (2), the Social Security Commissioner makes the determination whether a claimant meets the statutory definition of disability or whether an impairment meets or equals a Listing.  This necessarily includes a review of all the medical

12

findings and other evidence that support a medical source's statement that one is disabled.  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  *Id*.  It is the Commissioner who must make the final decision on the ultimate issue of disability.  *Duncan*, 801 F.2d at 855; *Harris*, 756 F.2d at 435; *Watkins v. Schweiker*, 667 F.2d 954, 958 n. 1 (11th Cir. 1982).

Avery asserts that the ALJ failed to give appropriate weight to the opinions of Dr. Redus-McCoy.  On May 15, 2012, Dr. Redus-McCoy completed a questionnaire provided by S.R.'s counsel in which she opined that S.R. satisfied the criteria for Listing 112.11, Attention Deficit Hyperactivity Disorder.  (ECF No 19, Tr. 520-21.)  She also found that S.R. had "frequent (marked)" limitations in fourteen of fifteen subcategories in the domain of attending and completing tasks, including: waiting to take turns; controlling the impulse to blurt out answers; following through on instruction; concentrating without adult supervision; carrying out simple instructions; dealing with frustration/gives up easily; keeping pace with other children; keeping track of possessions; completing tasks on time; paying attention/daydreams instead of attending to activities; doing tasks without bothering others; staying on tasks without being reminded; and, staying on task without supervision staying on tasks that require encouragement.  (Tr. 523-24.)  Dr. Redus-McCoy also opined that S.R. had an extreme limitation in "being easily distracted."[5]  (Tr. 523.)

The ALJ addressed Dr. Redus-McCoy's opinion as follows:

[S.R.] also has ADHD, but he does not have objective findings of a severity to

---

[5]  Given that most, if not all, of these fifteen subcategories appear to be related to S.R.'s school performance, it is unclear, as the ALJ noted, *infra*, what evidence or findings form the basis of Dr. Redis-McCoy's opinion.

> meet or equal Listing 112.11(attention deficit hyperactivity disorder) of Appendix 1 for a finding of disability. After the hearing, [S.R.'s] attorney submitted an assessment and opinion by [S.R.'s] treating physician Angelique Redus-McCoy, M.D. dated May 15, 2012 (Ex. lOF) that his condition meets the requirements for listing 112.11. However, I give them little weight, as they are not supported by the objective medical evidence including his school records and Dr. Redus-McCoy's own treatment notes. Additionally, while Dr. Redus-McCoy's treatment notes record grandmother's reports of difficulties with [S.R.'s] behavior and his performance at school, objective findings or observations by Dr. Redus-McCoy that would provide the basis for her diagnosis and treatment of [S.R.'s] condition of ADHD were difficult to locate (Ex. 7F).

(Tr. 73.)

First, the Court notes that Dr. Redus-McCoy's opinion that S.R. met or equaled Listing 112.11 does not constitute a "medical opinion" pursuant to the regulations. Pursuant to 20 C.F.R. § 416.927(d), "opinions on some issues, such as the examples that follow, are not medical opinions ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." The opinion as to "whether [a claimant's] impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments ..." is expressly identified as an example of an opinion that does not constitute a medical opinion. 20 C.F.R. § 416.927(d)(2). The "good reasons" requirement contained in 20 C.F.R. § 416.927(c)(2) only applies to "medical opinions," though the Commissioner will "consider" a medical source's opinion as to whether a Listing is satisfied. 20 C.F.R. § 416.927(d)(2).

Here, the ALJ unequivocally *considered* Dr. Redus-McCoy's opinion and explained why it was ascribed little weight. Furthermore, to the extent Avery would argue that the ALJ failed to set forth good reasons for ascribing little weight to Dr. Redus-McCoy's opinion that S.R. was markedly limited in the domain of attending and completing tasks, this Court disagrees. The

14

ALJ specifically stated that Dr. Redus-McCoy's opinion was not supported by objective medical evidence, including S.R.'s school records. (Tr. 73.) As discussed above, the questionnaires completed by S.R.'s teachers and an intervention specialist do not reveal the marked level of limitations assessed by Dr. Redus-McCoy. Moreover, the ALJ astutely points out that Dr. Redus-McCoy's opinion appears to be based on Avery's reports of S.R.'s behavior and performance at school. (Tr. 73.) The ALJ also noted a dearth of evidence in Dr. Redus-McCoy's own treatment notes that corroborate or support her opinion. (Tr. 73.) Indeed, a review of her treatment notes reveals that Dr. Redus-McCoy's notations concerning S.R.'s ADHD are not based on her own observations, but on the reports of S.R.'s family members and/or school reports (or family members' relaying the contents of school reports). (Tr. 424, 457, 484.)

Courts have held that "[w]hen a treating physician's opinion is based on a claimant's self reports which are themselves not credible, it is not error to assign little weight to the opinion." *Webb v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 4264, 2014 WL 129237 at * 6 (E.D. Tenn. Jan. 14, 2014) (*citing Vorholt v. Comm'r of Soc. Sec.*, 409 Fed App'x 883, 889 (6th Cir. 2011)). *See also Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (affirming ALJ's rejection of treating physician opinions where "[t]hese doctors formed their opinions solely from Smith's reporting of her symptoms and her conditions and the ALJ found that Smith was not credible"); *Stevenson v. Astrue*, 2010 U.S. Dist. LEXIS 78475, 2010 WL 3034018 at * 8 (M.D. Tenn. Aug. 3, 2010) (finding that a medical opinion "based on [an] incredible self-report could reasonably be given insignificant weight by an ALJ when the credibility determination is based on substantial evidence"). Similarly here, the ALJ implicitly found that Dr. Redus-McCoy's

15

opinion was not based on her first-hand observations and was not supported by any objective medical evidence or school records.  Where a treating physician's opinion is based on second or even third hand knowledge of a claimant's school performance, the ALJ's decision to reject such an opinion on the basis that it is contradicted by the opinion of school teachers and staff, who have first-hand knowledge of a claimant's performance, constitutes a good reason for rejection under the treating physician rule.

As such, Avery's second assignment of error is without merit.

### VI.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence.  Accordingly, the decision is AFFIRMED and judgment is entered in favor of the defendant.

IT IS SO ORDERED.

<u>/s/ Greg White</u>
U.S. Magistrate Judge

Date: February 17, 2015